UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| CLYDE DANIEL MILLER, JR. | CIVIL ACTION 16-CV-00313 |
| VS. | SECTION P |
| | JUDGE ROBERT G. JAMES |
| CALDWELL CORRECTIONAL CENTER, ET AL | MAGISTRATE JUDGE HAYES |

### REPORT AND RECOMMENDATION

Before the court is the civil rights complaint (42 U.S.C. § 1983) of *pro se* plaintiff Clyde Daniel Miller, Jr., filed *in forma pauperis* on March 3, 2016. Plaintiff is a pretrial detainee at the Caldwell Correctional Center (CCC) in Grayson, Louisiana. He named Caldwell Correctional Center, Warden Frederick and Terressa Frederick as his defendants.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court

### STATEMENT OF THE CASE

In his Complaint, plaintiff asserts that on December 25, 2015, he and two hundred other inmates were served spoiled meatballs and became ill. [Rec. Doc. 1 & Rec. Doc. 4, p. 3.] Immediately following the incident, the Warden and Nurse immediately came to care for the sick inmates. [Rec. Doc. 1.] The undersigned completed an initial review as authorized by U.S.C. §§ 1915 and 1915A and directed plaintiff to amend his complaint to provide:

   (1)  the name(s) of each person who allegedly violated plaintiff's constitutional rights;

   (2)  a description of what actually occurred or what each defendant did to violate plaintiff's rights;

(3) the place and date(s) that each event occurred; and

(4) a description of the alleged injury sustained as a result of the alleged violation.

[Rec. Doc. 8]

On May 3, 2016, plaintiff filed an Amended Complaint setting forth more details about his claim, as requested. [Rec. Doc. 9] He alleges that Warden Frederick notified the inmates that he was aware of the fact that they were served "tainted food" but no medical care was actually received or made available. [Doc. 9.]. Moreover, he states that his "illness consisted of vomiting, diarrhea, dizziness, nausea, headaches and much pain and discomfort." [Id.]

## LAW AND ANALYSIS

1. **Screening**

When a prisoner is allowed to litigate a civil rights complaint *in forma pauperis,* the district court should dismiss the case if at any time it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (stating that when a prisoner seeks redress from a governmental entity or one of its employees, the court shall review the complaint as soon as practicable and dismiss it if the court finds the complaint frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief); 42 U.S.C.A. § 1997e(c) (providing that a district court shall on its own motion or the motion of any party dismiss a complaint by a prisoner regarding prison conditions if the court is satisfied the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant).

A claim is frivolous if it has no arguable basis in law or fact. *Nietzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir.1998) (quotation omitted). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir.1998).

While district courts are required to construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), they are, nonetheless, given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994). A complaint may not be dismissed under § 1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." *Jolly v. Klein*, 923 F.Supp. 931, 942-43 (S.D.Tex.1996). Nevertheless, a civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). See *Wesson v. Ogleby*, 910 F.2d 278, 281 (5th Cir.1990) ("An *IFP* complaint that recites bare legal conclusions, with no suggestion of supporting facts, or that postulates facts of an entirely fanciful nature, is a prime candidate for dismissal under [§ 1915(d)(2)(B) ]."). The district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Accepting all of plaintiff's allegations as true, and giving plaintiff the benefit of every doubt,

the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for relief, that his claims are frivolous as a matter of law, and, that his complaint should therefore be dismissed with prejudice.

1.  **Claims against Caldwell Correctional Facility**

Plaintiff has sued the Caldwell Correctional Center. Fed.R.Civ.P. Rule 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether the CCC has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24. The CCC is not a juridical person and therefore, plaintiff's claims against the CCC must be dismissed as frivolous.

2.  **Claims against Warden Frederick**

Plaintiff has sued the Warden of CCC in his supervisory capacity. "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied*, 514 U.S. 1107, 115 S.Ct. 1957, 131 L.Ed.2d 849 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897, 104 S.Ct. 248, 78 L.Ed.2d 236 (1983). As plaintiff has not alleged facts sufficient to demonstrate either personal involvement, other than his responding to help care for inmates, or the implementation of

unconstitutional policies by Warden Frederick, claims against him must be dismissed for failing to state a claim for which relief can be granted.

   3. **Claims against Nurse Frederick**

Plaintiff's filings set forth allegations of food poisoning and improper/lack of medical care. While plaintiff contends that several inmates suffered from the food poisoning incident, the allegations set forth in his petition establish that this was an isolated incident, not occurring any time other than on December 25, 2015. A similar situation was considered by the United States Fifth Circuit Court of Appeals in *George v. King*, 837 F.2d 705 (1988). In that case, the plaintiff alleged that he woke one morning with stomach cramps, diarrhea and nausea, he was carried to the physician who took his vital signs and gave him medication. *Id*. at 705. He stated that he suffered great mental and physical pain for several days following. *Id*. at 706. Approximately three to four hundred other inmates were also treated for food poisoning on that date. *Id*. The Fifth Circuit held that:

> [G]ranting full liberality to all appellant's filings as appropriate for a *pro se* litigant, it is nevertheless plain that this case presents only the question of whether a prisoner's suit asserting a single incident of food poisoning, not causing any permanent injury or serious medical complications and which is treated with at least minimal adequacy, states a claim for deprivation of constitutional rights, where the illness allegedly arises from the neglect of the prison food service department and its informal policy 'whereby foods prepared days earlier are stored for future serving,' no other such incidents being claimed. More precisely, the question is whether, when it becomes clear that this is all that is claimed, the suit may be dismissed under section 1915(d) without an evidentiary hearing or a motion for summary judgment. We answer this question in the affirmative.

*Id*. At 706-707 (emphasis added). Accordingly, as plaintiff's complaint alleges a single incident of food poisoning, not causing any permanent injury or serious medical complications, which was

treated with "at least minimal adequacy," plaintiff's claims of a constitutional violation as a result of this incident are frivolous and must be dismissed.

With respect to the medical care given subsequent to the food poisoning, the standard to apply in analyzing a denial of medical care claim asserted by a pretrial detainee depends upon whether the claim is directed to a "condition of confinement" or to an "episodic act or omission." *Scott v. Moore,* 114 F.3d 51, 53 (5th Cir. 1997), quoting *Hare v. City of Corinth,* 74 F.3d 633, 644 (5th Cir. 1996). Under the "episodic act" standard, "a state official's episodic act or omission violates a pretrial detainee's due process right to medical care if the official acts with subjective deliberate indifference to the detainee's rights." Thus, the plaintiff must show that he suffered a sufficiently serious deprivation and deliberate indifference by prison officials. *Hare*, 74 F.3d at 643 and 650. This is the same standard applicable to convicted prisoners whose claims are analyzed under the Eighth Amendment.

"Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir.1997). It occurs when a prison official subjectively knows of and disregards a substantial risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837-840, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The undisputed facts, set forth in plaintiff's filings fail to establish that Nurse Frederick acted with deliberate indifference to plaintiff's rights. To the contrary, plaintiff initially alleged that once he and the other inmates became sick, "the Nurse was contacted immediately to come and see about all the sick inmates." [Rec. Doc. 1.] While it seems he does not agree with the manner of treatment, it is well settled that disagreement with medical treatment alone cannot support

a claim under §1983. *Gibbs v. Grimmette,* 253 F.3d 545, 549 (5th Cir. 2001) (*citing Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997)).

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights action be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, May 16, 2016.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE